**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RASZELL REEDER,

                                  Plaintiff,

            - v -                                          Civ. No. 9:16-CV-1161
                                                                    (MAD/DJS)

ANTHONY ANNUCCI, *et al.*,

                                  Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

RASZELL REEDER
94-A-6388
Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN        OMAR J. SIDDIQI, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Raszell Reeder brings this civil rights action, pursuant to 42 U.S.C. § 1983, asserting claims arising from his incarceration at Upstate Correctional Facility ("Upstate C.F.") in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. Following the performance of an initial

review of the Complaint by the District Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims remain: (1) Eighth Amendment excessive force and/or failure to intervene claims against Defendants Smith, Bishop, Drumm, and Fletcher; (2) Eighth Amendment conditions-of-confinement claims against Defendants Borrough, Locke, Welch, Fletcher, Smith, Satimore, and Rodier; (3) Eighth Amendment medical indifference claim against Defendant Kumar; and (4) supervisory claims against Defendants Annucci and Uhler. *Id*; Dkt. No. 4. Currently pending before the Court is Defendants' Motion to Dismiss portions of the Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29. Plaintiff has opposed the Motion. Dkt. No. 31, Pl.'s Opp. For the reasons that follow, it is recommended that the Motion be **granted** in part and **denied** in part.

## I. STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n,*

*Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, n.6 (1963).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal citation omitted).  In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555).  Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  The process of determining whether a plaintiff has

"nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted) (citation omitted). Nonetheless, a *pro se* complaint must state a "plausible claim for relief." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)).

## II. SUMMARY OF THE COMPLAINT[1]

In accordance with the above standard of review, the following relevant facts adduced from the Complaint are taken as true. *See* Compl.[2] In 2015 and 2016, Plaintiff filed several

---

[1] Plaintiff annexed exhibits to the Complaint. Dkt. No. 1-1. To the extent that the exhibits attached to the Complaint are relevant to the incidents in the Complaint, the Court will consider the documents. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[2] When citing to Plaintiff's Complaint, the Exhibits to Plaintiff's Complaint, Defendants' Motion to Dismiss, and Plaintiff's Opposition, the Court will utilize the page numbers automatically assigned by the Court's Case
(continued...)

grievances related to his confinement at Upstate C.F. *See* Dkt. No. 1-1, Exhibits to Pl.'s Compl. On December 18, 2015, Plaintiff filed a grievance (UST 57335-15) to address "multiple new policies" related to: (1) his security concerns; (2) the investigation of seven outstanding grievances; and (3) FOIL requests for video tapes. *Id.* at pp. 19-22. On February 16, 2016, Defendant Uhler denied Plaintiff's grievance and advised that all FOIL issues related to video tapes must be addressed with the FOIL office and Central Office Review Committee ("CORC"). *Id*. at p. 22.

In February of 2016, Plaintiff filed a grievance (UST-5728-16) related to investigations of his grievances and video evidence. *Id.* at p. 72. On April 4, 2016, Defendant Uhler denied the grievance, concluding that all investigations are appropriately conducted in accordance with Directive #4040, and that the grievance was appropriately addressed. *Id*. at p. 74.

In June of 2016, Plaintiff filed a grievance (UST 58472-16) requesting a "new policy" whereby the Inmate Grievance Supervisors and CORC ensure that the Superintendent conducts investigations to protect the rights of inmates. *Id.* at p. 57. On July 12, 2016, the Superintendent denied Plaintiff's grievance, concluding that "[a]ll grievances have been appropriately investigated" and further that it is within the "discretion of the facility administration to review videotapes when deemed necessary."[3] *Id.* at p. 58.

---

[2](...continued)
Management Electronic Case Files ("CM/ECF") System.

[3] The name of the Superintendent is illegible. *See* Dkt. No. 1-1 at p. 58.

## III. DISCUSSION

Defendants move to dismiss the following claims: (1) section 1983 claims against all Defendants in their official capacities; and (2) supervisory claims against Defendants Annucci and Uhler. Dkt. No. 29-1, Defs.' Mem. of Law. Defendants do not move to dismiss any of Plaintiff's other claims.

### A. Official Capacity Claims

Defendants move to dismiss the official capacity claims against all Defendants based upon Eleventh Amendment immunity grounds.[4] *Id.* at p. 5. The immunity granted the states under "the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing, *inter alia, Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). The Eleventh Amendment bars all money damages claims against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Eleventh Amendment has been found to bar official capacity claims for money damages against DOCCS officials and parole officers. *See Tolliver v. New York State Corr. Officers*, 2000 WL 1154311, at * 2 (S.D.N.Y. Aug. 14, 2000) ("All of the defendants in this case are state officials because they are employees of the New York State Department of Correctional Services."); *James v. Suffolk Cty. Corr. Facility*, 2014 WL 4659300, at *5 (E.D.N.Y. Sept. 17, 2014) (stating that official capacity claims for money

---

[4] Plaintiff has not responded to this argument.

damages against parole officers are barred by the Eleventh Amendment). Accordingly, to the extent that the Complaint contains § 1983 claims for money damages against Defendants in their official capacities, I recommend that these claims be dismissed on Eleventh Amendment grounds. However, I recommend denying the Motion to the extent Plaintiff seeks injunctive relief against Defendants in their official capacities. *See*, *e.g.*, *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005) ("[S]tate officials can be subject to suit in their official capacities for injunctive or other prospective relief.").

### B. Defendants Annucci and Uhler

By their Motion, Defendants seek dismissal of claims against Defendants Annucci and Uhler based upon the theory that there are no allegations that they were personally involved in any wrongdoing. Defs.' Mem. of Law at pp. 5-9. Specifically, Defendants contend that Plaintiff did not specify any policy or custom that Defendants Annucci or Uhler created or allowed to exist. *Id*. at p. 7.

In this Circuit, it has historically been generally accepted that culpability on the part of a supervisory official for a civil rights violation can only be established in one of several ways, including by demonstrating that

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

More recently, however, the issue of supervisory liability for civil rights violations was addressed by the Supreme Court in *Ashcroft v. Iqbal*. In that case, the Court made it clear that a governmental official, regardless of title, is accountable only for his or her own conduct, even while supervising others; as such the term "supervisory liability" is essentially "a misnomer." *See Ashcroft v. Iqbal*, 556 U.S. at 675-77.

The Second Circuit has yet to address the impact of *Iqbal* upon the categories of supervisory liability under *Colon*. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that the Court's decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement," but declining to resolve the issue). Lower courts have struggled with this issue, and specifically whether *Iqbal* effectively calls into question certain prongs of the *Colon* five-part test for supervisory liability. *See Sash v. United States*, 674 F. Supp.2d 531, 543 (S.D.N.Y. 2009). While some courts have taken the position that only the first and third of the five *Colon* categories remain viable and can support a finding of supervisory liability, *see*, *e.g.*, *Bellamy v. Mount Vernon Hosp.*, 2009 WL1835939, at *6 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010), others disagree and conclude that whether any of the five categories apply in any particular case depends upon the particular violations alleged and the supervisor's participatory role. *See*, *e.g.*, *D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010).

Plaintiff claims that Defendants Annucci and Uhler implemented a policy related to investigations of grievances and preservation of video evidence that violated his

constitutional rights.[5] *See* Compl. at pp. 8-11; Pl.'s Opp.  Plaintiff has not alleged any facts indicating that Defendant Annucci or Defendant Uhler directly participated in the alleged constitutional violations.

### 1. Defendant Annucci

With respect to Defendant Annucci, Plaintiff claims that he sent "many letters" to Annucci related to the duty to protect inmates with video evidence.  *See* Pl.'s Opp.at pp. 2 & 3.  The Second Circuit has cautioned against dismissing claims for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint.  *Grullon v. City of New Haven*, 720 F.3d at 141  (holding that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement).  While cognizant of *Grullon*, the Court finds that, as presently pled, Plaintiff has failed to establish that Defendant Annucci was personally involved in any constitutional deprivation. Plaintiff alleges that he sent letters to Defendant Annucci but fails to assert facts suggesting where the letters were sent or by what means they were forwarded.  Without more, the allegations are not enough to allege that Defendant Annucci was personally involved in any constitutional deprivation. *See Bridgewater v. Taylor*, 698 F.Supp.2d 351, 359 (S.D.N.Y. 2010); *Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order).

---

[5] Plaintiff's claim that Defendants Annucci and Uhler failed to correct staff misconduct was dismissed in the District Court's initial review of the Complaint.  Dkt. No. 4 at p. 11.

Accordingly, I recommend that Defendants' motion be **granted** as to Defendant Annucci, on the ground that Plaintiff failed to establish the personal involvement of Defendant Annucci.

### 2. Defendant Uhler

Plaintiff alleges that Defendant Uhler was aware of the policy of failing to investigate inmate complaints and preserve video evidence through grievances and allowed the unconstitutional practices to continue. *See* Pl.'s Opp. at p. 7. "In this circuit, it remains uncertain as to whether a supervisor may be found personally involved in an alleged constitutional violation where the only allegation is that he denied a plaintiff's grievance." *Thon v. Grimshaw*, 2016 WL 8671925, at *9 (N.D.N.Y. Aug. 26, 2016) (citing *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004)). District courts have found personal involvement based on the denial of a grievance where the alleged constitutional violation complained of in the grievance was "ongoing [. . . ] such that the 'supervisory official who reviews the grievance can remedy [it] directly.'" *Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (citation omitted). However, "[i]f the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation." *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008); *see also Young v. Kihl*, 720 F. Supp. 22, 23 (W.D.N.Y. 1989) ("[T]he wrong . . . [must] have been capable of mitigation at the time the supervisory official was apprised thereof. . . . Without such caveat, the personal involvement doctrine may effectively and improperly be transformed into one of *respondeat superior*.") (citation omitted); *Jackson*

*v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) ("[A] 'failure to remedy' theory of liability is not available with respect to discrete and completed violations.").

The Complaint alleges that Defendant Uhler has utilized facility policy to permit assaults against Plaintiff and refused to review available video evidence of the alleged assaults, thereby allowing the assaults to continue. Compl. at p. 10. Plaintiff has attached, as exhibits to the Complaint, Defendant Uhler's denials of his grievances related to investigations and video evidence. *See* Exhibits to Pl.'s Compl. at pp. 22 & 74. These responses did not involve merely "rubber stamping" determinations of others. *See id.* Additionally, the Complaint alleges that Defendant Uhler has failed to permit proper investigation of grievances. *Id.* at p. 27. At this stage in the litigation, I am bound by the factual allegations in the Complaint, which I take as true, and thus I must find that Plaintiff has adequately pled Defendant Uhler's personal involvement to the extent that he was aware of the alleged unconstitutional policies and ignored the situation. Thus, I recommend denying Defendants' Motion to Dismiss on this basis.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 29) be **GRANTED** as to Plaintiff's claims for money damages against Defendants in their official capacities and that such claims be **DISMISSED** with prejudice; and it is further

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 29) be **DENIED** as to Plaintiff's claims for injunctive relief against Defendants in their official capacities; and

*-11-*

it is further

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 29) be **GRANTED** as to Plaintiff's claims against Defendant Annucci and that such claims be **DISMISSED** without prejudice; and it is further

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 29) be **DENIED** as to Plaintiff's claims against Defendant Uhler; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14)[6] DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 19, 2018
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).