**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RASZELL REEDER,**

                            **Plaintiff,**

    vs.                                              9:16-cv-1161
                                                        (MAD/DJS)

**ANTHONY ANNUCCI,** *Commissioner of Department of Corrections,* **DONALD UHLER**, *Superintendent,* **P. DRUMM,** *Video Officer,* **BORROUGH,** *Correction Officer, Upstate Correctional Facility,* **LOCKE,** *Correction Officer, Upstate Correctional Facility,* **WELCH,** *Correction Officer, Upstate Correctional Facility,* **SGT. FLETCHER,** *Upstate Correctional Facility,* **SGT. SMITH,** *Upstate Correctional Facility,* **SGT. SATIMORE,** *Upstate Correctional Facility,* **SGT. RODIER,** *Upstate Correctional Facility,* **CAPTAIN BISHOP,** *Upstate Correctional Facility,* **V. KUMAR,** *Doctor, Upstate Correctional Facility,*

                            **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**RASZELL REEDER**
**94-A-6388**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **OMAR J. SIDDIQI, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 23, 2016, Plaintiff *pro se* Raszell Reeder ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, filed a

complaint (the "Complaint") in the Northern District of New York.  *See* Dkt. No. 1.  Following an initial review of the Complaint by this Court, the following 42 U.S.C. § 1983 claims remained: Eighth Amendment excessive force and failure to intervene claims against Defendants Sgt. Smith, Captain Bishop, P. Drumm, and Sgt. Fletcher; Eighth Amendment conditions-of-confinement claims against Defendants Borrough, Locke, Welch, Sgt. Fletcher, Sgt. Smith, Sgt. Satimore, and Sgt. Rodier; Eighth Amendment medical indifference claim against Defendant V. Kumar; and supervisory claims against Defendants Anthony Annucci and Donald Uhler.  *See id.*; Dkt. No. 4.

On May 31, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. No. 29.  In their motion, Defendants seek dismissal of all claims for monetary relief against Defendants in their official capacities.  Moreover, Defendants Annucci and Uhler seek the dismissal of the supervisory claims against them.

On January 19, 2018, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that the Court grant in part and deny in part Defendants' motion to dismiss. *See* Dkt. No. 41.  Magistrate Judge Stewart recommended granting Defendants' motion as to Plaintiff's claims for monetary damages against Defendants in their official capacities because these claims are barred under the Eleventh Amendment.  *See* Dkt. No. 41 at 7.  However, Magistrate Judge Stewart recommended denying the motion to dismiss to Plaintiff's claims for injunctive relief.  *See id.*

Magistrate Judge Stewart also recommended dismissing claims against Defendant Annucci, given that Plaintiff's only allegation of Defendant Annucci's personal involvement was that Plaintiff sent Defendant Annucci letters without "suggesting where the letters were sent or by what means they were forwarded." *Id.* at 9 (citing *Guillory v. Cuomo*, 616 Fed. Appx. 12, 14 (2d Cir. 2015); *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 359 (S.D.N.Y. 2010)).  However, given Plaintiff's *pro se* status, Magistrate Judge Stewart recommended dismissing the claim against

2

Defendant Annucci without prejudice. As to Defendant Uhler, Magistrate Judge Stewart concluded that Plaintiff plausibly alleged that Defendant Uhler was aware of the practices of officials failing to investigate inmate complaints and not preserving video evidence through the grievance process. *See id.* at 10. Because Defendant Uhler's alleged involvement was more than a rubber stamping of grievances and he allegedly allowed the violations to continue even after becoming aware of them, Magistrate Judge Stewart recommended denying the motion to dismiss as to the claim against Defendant Uhler. *See id.* at 11.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

Moreover, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Here, although Plaintiff submitted objections to Magistrate Judge Stewart's Report-Recommendation and Order, his objections amounted to a recitation of the facts of his complaint.

3

As such, they do not constitute specific objections to Magistrate Judge Stewart's Report-Recommendation and Order.

Having reviewed Magistrate Judge Stewart's January 19, 2018, Report-Recommendation and Order, the record, and the applicable law, the Court concludes that Magistrate Judge Stewart correctly recommended that the Court should grant in part and deny in part Defendants' motion to dismiss.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 41) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 29) is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Defendants' motion to dismiss is granted insofar as it seeks the dismissal of the claims for monetary damages against Defendants in their official capacity and as to the supervisory claim against Defendant Annucci. The motion is denied insofar as it seek the dismissal of Plaintiff's claims for injunctive relief against Defendants in their official capacities and as to the supervisory claim against Defendant Uhler.

4