UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                              Plaintiff,

    v.                                                               9:16-CV-1161
                                                                         (MAD/DJS)

DONALD UHLER, et. al.,

                              Defendants.
_____

APPEARANCES:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. BARBARA D. UNDERWOOD           OMAR J. SIDDIQI, ESQ.
Acting New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Raszell Reeder ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). In his original Complaint, Plaintiff asserted constitutional claims against fifteen individual defendants arising out of his

1

confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Compl."). In a Decision and Order filed on December 7, 2016 (the "December Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 4. Based upon that review, the Court directed defendants to respond to certain claims and dismissed other causes of action, without prejudice. *See id.*

On May 31, 2017, in lieu of an answer, defendants filed a motion to dismiss portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29. In a Report-Recommendation and Order filed on January 19, 2018 (the "January Order"), the Court dismissed Plaintiff's § 1983 claims for money damages against defendants in their official capacities on Eleventh Amendment grounds.[1] Dkt. No. 41 at 7. The Court also dismissed all claims against defendant Commissioner Anthony Annucci ("Annucci") on the ground that Plaintiff failed to establish that Annucci was personally involved in any alleged constitutional violations. *See id.* at 9-11.

On January 19, 2018, Plaintiff filed a motion to amend the complaint. Dkt. No. 39. In a Decision and Order filed on May 21, 2018 (the "May 2018 Order"), the Court granted Plaintiff's motion and accepted the Amended Complaint as the operative pleading. Dkt. No. 64. In the May 2018 Order, the Court reviewed the sufficiency of the Amended Complaint and directed defendants to respond to the following claims: (1) Eighth Amendment excessive force and/or failure to intervene claims related to the November 2015 incident; (2) Eighth Amendment conditions of confinement claims related to meals; (3) Eighth Amendment conditions of confinement claims related to recreation; (4) Eighth Amendment medical

---

[1] On March 22, 2018, the Report-Recommendation and Order was adopted. Dkt. No. 47.

2

indifference claim; (5) Eighth Amendment excessive force and/or failure to intervene claims related to the October 2015 incident; (6) Fourteenth Amendment due process claims; and (7) supervisory claim against Uhler. Dkt. No. 64 at 23-24. The Court dismissed the following: (1) all claims against defendant Commissioner Brian Fischer ("Fischer"); (2) Eighth Amendment claims related to the April 2015 use of force incident; (3) constitutional claims based upon false misbehavior reports, violations of DOCCS' directives, FOIL requests, and failure to investigate; and (4) supervisory claims related to staff misconduct. *See id.* at 23.

On June 4, 2018, Plaintiff moved for reconsideration of portions of the May 2018 Order. Dkt. No. 70.[2] Plaintiff argued that the Court failed to recognize that the Amended Complaint contained supervisory claims against Fischer, Annucci, Captain Stephan Maher ("Maher"), Inspector General Vernon Fonda ("Fonda"), Inspector General Skip/Skiff ("Skip/Skiff"), Inspector General Irwin ("Irwin"), First Deputy Superintendent Quinn ("Quinn"), and Deputy Superintendent of Security Woodruff ("Woodruff"). *See* Dkt. No. 70 at 2. In support, Plaintiff annexed copies of letters. *See* Dkt. Nos. 70 and 73-1. Plaintiff sought reconsideration of the May 2018 Order to recognize and require a response to these claims. *See id., generally*. Defendants opposed the motion. Dkt. No. 75.

In a Decision and Order filed on July 17, 2018 (the "July Order"), the Court denied Plaintiff's motion holding:

> The Court finds that Plaintiff's motion falls short of the standard required for reconsideration. Plaintiff does not assert that the documents annexed to the motion were not in his possession prior to the time that he filed the Amended Complaint. Eight of the ten letters are dated prior to 2018 and, thus, were in existence, and available to Plaintiff, when his underlying motion

---

[2]   Plaintiff submitted documents in further support of the motion. Dkt. Nos. 73, 78.

> to amend was pending before the Court, and therefore they do not constitute new evidence which might warrant reconsideration. Plaintiff offers no explanation for failing to annex these documents to the Amended Complaint. *See United States v. Yarbrough*, No. 1:04-CR-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 24, 2005), *aff'd*, 179 F. App'x 769 (2d Cir. 2006) ("Among the factors the court will review in deciding a motion for reconsideration 'is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing.'") (citations omitted). The Court has examined the remaining two letters, dated May 7, 2018 and April 12, 2018, and finds the evidence immaterial to the issue. The evidence, letters addressed to Plaintiff and written by Bryan Hilton, DOCCS' Assistant Commissioner and Glen F. Michaels, an Assistant Attorney General for the State of New York, does not contain any reference to any of the aforementioned defendants. *See* Dkt. No. 70 at 4, 5. Thus, the evidence presented to this Court does not qualify as "new evidence" to warrant reconsideration. *See United States v. City of New York*, 847 F.Supp.2d 395, 415 (E.D.N.Y. 2012).

Dkt. No. 82 at 6-7.

Presently before the Court is Plaintiff's motion to reconsider the July Order.[3] Dkt. No. 92. Defendants oppose the motion. Dkt. No. 93.

## II.   MOTION TO RECONSIDER

The legal standard governing a motion for reconsideration was discussed at length in the July Order and it will not be restated in this Decision and Order. Dkt. No. 82 at 2-4. In the most recent motion, Plaintiff has not cited to any caselaw which would mandate that the prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. Rather, construing the motion liberally, Plaintiff

---

[3] On August 2, 2018, Plaintiff moved for an extension of time to file the within motion. Dkt. No. 89. Plaintiff's motion is denied as moot.

4

moves for reconsideration to prevent manifest injustice.

With the most recent motion, Plaintiff annexed copies of grievances and letters from June 2015 through April 2018. Dkt. No. 92 at 7-43. Plaintiff attaches the records in an effort to persuade the Court to reconsider his supervisory claims.

"To obtain reconsideration of a judgment based upon newly discovered evidence, each of the following four factors must be met: (1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." *Kahn v. NYU Medical Center*, No. 06 Civ. 13455, 2008 WL 190765, 2 (S.D.N.Y. Jan. 15, 2008) (internal quotation marks omitted).

Plaintiff does not assert that the documents annexed to the motion were not in his possession when he filed the motion to amend or first motion to reconsider. Indeed, Plaintiff does not provide any explanation for why the records were not annexed to the motion to amend or to the first motion to reconsider. *See United States v. Yarbrough*, No. 1:04-CR-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 24, 2005), *aff'd*, 179 F. App'x 769 (2d Cir. 2006) ("Among the factors the court will review in deciding a motion for reconsideration 'is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing.'") (citations omitted). Thus, the evidence presented to this

Court does not qualify as "new evidence" to warrant reconsideration. *See United States v. City of New York*, ⎯⎯ F.Supp.2d ⎯⎯, 2012 WL 745560, * 13 (E.D.N.Y. Mar.8, 2012).

While Plaintiff disagrees with the prior Order regarding the sufficiency of his claims, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y.2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, Plaintiff's motion for reconsideration (Dkt. No. 92) is denied.

On July 31, 2018, defendants filed an Answer to the Amended Complaint. Dkt. No. 85. Pursuant to the Mandatory Pretrial Scheduling Order, amended pleadings shall be filed on or before December 3, 2018. Dkt. No. 88. In light of Plaintiff's pro se status, he is advised that he may seek permission to amend his Amended Complaint, to include the documents annexed to the within motion, by submitting a motion to amend in accordance with the Federal Rules of Civil Procedure and this District's Local Rules.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

6

**ORDERED**, that Plaintiff's motion for an extension of time (Dkt. No. 89) is **DENIED as moot**; it is further

**ORDERED,** that Plaintiff's motion for reconsideration (Dkt. No. 92) is **DENIED;** and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 12, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge