UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASZELL REEDER,

                    **Plaintiff,**

  vs.                                                   9:16-CV-1161
                                                           (MAD/DJS)

DONALD UHLER, *et al.*,

                    **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**RASZELL REEDER**
94-A-6388
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **WILLIAM A. SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, who has been an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") since 1994, commenced this Section 1983 action *pro se* on September 23, 2016, alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments.[1] *See* Dkt. No. 1 at 1-11; Dkt. No. 133 at 2. Specifically,

---

[1] The operative pleading is Plaintiff's Amended Complaint, which he filed on May 21, 2018. *See* Dkt. No. 65.

Plaintiff claims that while he was housed at Upstate Correctional Facility ("Upstate"), (1) Corrections Officer ("CO") Donah used excessive force on him on October 31, 2015; (2) CO Drumm and Lieutenant Salls were present but did not intervene to stop CO Donah's use of force; (3) Defendants used excessive force on him on November 2, 2015, while other Defendants failed to intervene to stop the use of force; (4) Plaintiff was denied due process at a hearing after the November 2, 2015 incident, after which he was sentenced to 730 days in the Special Housing Unit ("SHU"); (5) Defendants subjected him to unconstitutional conditions of confinement while he was housed in the SHU, which included the denial of meals and recreation time; and (6) Doctor ("Dr.") Kumar was deliberately indifferent to Plaintiff's needs by failing to provide appropriate medical care between December 2015 and June 2017. *See* Dkt. No. 133 at 2-9.

On July 19, 2019, Defendants moved for summary judgment. *See* Dkt. No. 124. Plaintiff opposed that motion on August 6, 2019, and on September 6, 2019, Defendants filed a Reply. *See* Dkt. Nos. 129, 132. On September 10, 2019, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss the Amended Complaint. *See* Dkt. No. 133 at 26-27. Plaintiff filed his Objections to the Report-Recommendation and Order on September 23, 2019. *See* Dkt. No. 137.

## II. DISCUSSION

**A.  Standard of Review**

*1. Legal Standard*

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### 2. *Plaintiff's Objections*

First, Plaintiff objects to Magistrate Judge Stewart's finding that "Plaintiff did not demonstrate either that the DOCCS grievance program operates as a dead end or 'is so opaque that it becomes, practically speaking, incapable of use.'" *See* Dkt. No. 137 at 8 (quotation omitted). Plaintiff insists that he exhausted his administrative remedies regarding all of his claims. *See id.* at 2-3 (claiming that he filed consolidated Grievance 57335-15 about the excessive force incidents, which was appealed to CORC); *id.* at 5-6 (claiming that Grievance 58103-16 discusses the denial of recreation claim, which he appealed to CORC); *id.* at 6 (arguing that consolidated Grievance 57335 covered Plaintiff's due process claim, which Plaintiff appealed "to CORC early January to prevent harm, injury, danger when being or experiencing retaliation"); *id.* at 8 (arguing that he "put 7 grievances in" about the excessive force incidents, including

3

Grievance 57335-15). Plaintiff alleges that DOCCS did not respond to many of his grievances. *See id.* at 3 ("I carefully explain I sent seven inmate grievances that was never responded to force me to grieve superintendent of grievance program Donald Uhler concern my seven grievances for no reason not being process by inmate grievance program office").[2]

Plaintiff also uses his Objections to highlight the facts that he believes support his constitutional claims. *See id.* at 2-3 (discussing the facts underlying Plaintiff's excessive force claims); *id.* at 4 (discussing the facts underlying Plaintiff's medical indifference claim and alleging that "[s]ince Dr. Kumar approve me Ibuprofen [for teeth pain] without examining my teeth and the pains he could have done so with providing me herpes medication"); *id.* at 5 (arguing that Plaintiff was denied recreation for three years even though he "followed the recreation rules," and that the corrections officers "lied in summary judgement [sic] stating it wasn't there [sic] responsibility" to ensure Plaintiff received recreation time); *id.* at 6 (arguing that video operator Officer Drumm, Area Supervisor Fletcher, Security Supervisor Salls, and Sergeant Donah failed to intervene to stop excessive force used against Plaintiff).

Next, Plaintiff argues that he continues to be harassed in prison and has been denied his mail. *See id.* at 7. Finally, Plaintiff asks the Court to provide him with documents due to his "poor person status" and requests video evidence to help him prove his claims. *See id.* at 2 (requesting the trial transcript from an unrelated case, 9:15-CV-1078); *id.* at 4 (requesting "copies of all sick call slips and letters I sent to Doctor Kumar but you continue to never provide it"); Dkt. No. 138 at 1 (requesting a copy of Plaintiff's "objection to summary judgment").

---

[2] Additionally, Plaintiff argues that he could not submit a grievance until June 2015 because he was denied supplies to submit such a grievance from April 8, 2015 until May 6, 2015. *See* Dkt. No. 137 at 2. Since this case involves incidents that allegedly occurred from December 2015 through June 2017, that argument is not relevant to the instant decision.

4

After reviewing Plaintiff's submissions by the lenient standard afforded to *pro se* litigants, the Court finds that Plaintiff's Objections to the Report-Recommendation and Order are general, conclusory, or reiterate arguments that he previously raised before Magistrate Judge Stewart. *See O'Diah*, 2011 WL 933846, at *1. First, the exhaustion issue and facts supporting Plaintiff's underlying claims were previously raised by Plaintiff and considered extensively by Magistrate Judge Stewart. *See* Dkt. No. 129 at 8 (Plaintiff discussing the grievances that he allegedly filed); *id.* at 16 (Plaintiff objecting to the argument that he failed to exhaust his administrative remedies prior to commencing this lawsuit, and specifically citing grievance 57335 and seven grievances for which he was still awaiting a response); Dkt. No. 133 at 14-17 (Magistrate Judge Stewart finding that the grievances relied upon by Plaintiff did not satisfy the exhaustion requirement). Similarly, Plaintiff alleges that he is being denied his mail, but has not provided the Court with anything to support this conclusory statement. *See* Dkt. No. 129 at 13 (claiming that "[e]xhibit videos is evidence to missing mail not place in mailbox or place on side of mailbox"); *id.* at 33-39 (multiple FOIL requests for video recordings for alleged mail disputes and "showing officer . . . allegedly 'causing mail to be lost'"). Magistrate Judge Stewart has repeatedly addressed Plaintiff's requests for additional documents and video evidence throughout the case. *See, e.g.*, Dkt. No. 35 (text order informing Plaintiff that this Court "cannot interfere with a FOIL requests [sic] as that is a procedure governed by New York State laws and rules, over which this Court lacks jurisdiction"); Dkt. No. 69 (text order denying Plaintiff's request for a court order directing a FOIL officer to preserve certain videos); Dkt. No. 99 (text order informing Plaintiff that "FOIL requests are not properly before this Court and requests for information in the context of this litigation should be made as discovery demands to Defendants"). Not only are such requests not properly raised at this stage in the proceedings, but they also do not specifically object to anything

5

in the Report-Recommendation and Order. Finally, Plaintiff's argument that he continues to be harassed in prison is conclusory and vague.

Accordingly, because Plaintiff has filed only "[g]eneral or conclusory objections" and "objections which merely recite the same arguments" that he has previously raised to Magistrate Judge Stewart, the Court reviews the Report-Recommendation and Order for clear error. *See O'Diah*, 2011 WL 933846, at *1.

**B.     Analysis of the Report-Recommendation and Order**

*1. Legal Standard*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

*2. Exhaustion*

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly concluded that summary judgment should be granted in Defendants' favor.

The Court agrees with Magistrate Judge Stewart that the undisputed facts establish that Plaintiff failed to exhaust the administrative remedies available to him, as required by the Prison

Litigation Reform Act ("PLRA"), for his excessive force, due process, conditions of confinement, and supervisor liability claims.[3] First, there is nothing in the record to show that Plaintiff filed timely grievances regarding force allegedly used against him on October 31, 2015 and November 2, 2015. *See* Dkt. No. 133 at 14-16. Similarly, the record establishes that Plaintiff never administratively appealed his disciplinary determination, so his due process claim against Hearing Officer Zerniak is not ripe for judicial review. *See id.* at 17. As for the conditions of confinement claim, although Plaintiff did file three grievances claiming that he was denied meals while in the SHU, two of those grievances predate the incidents alleged in this case and the third grievance was untimely. *See id.* at 14-15. Since a grievance must "alert[] the prison to the nature of the wrong for which redress is sought," *see Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004), grievances that predate the incidents alleged are clearly insufficient. Moreover, an inmate must "submit a complaint to the clerk within 21 calendar days of an alleged occurrence," N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5, and the Supreme Court has held that an untimely grievance does not satisfy the exhaustion requirement, *see Woodford*, 548 U.S. at 83.

The Court also agrees with Magistrate Judge Stewart's conclusion that Plaintiff's supervisor liability claims must fail, *see* Dkt. No. 133 at 13-14, because "a plaintiff cannot successfully allege supervisory liability without first establishing that an underlying constitutional violation occurred," *Scott v. Koenigsmann*, No. 9:12-CV-01551, 2014 WL 3956649, *10

---

[3] The PLRA states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-94 (2006)). In New York, the inmate is required to exhaust a three-step administrative review process. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

(N.D.N.Y. Aug. 13, 2014) (citations omitted). Finally, Magistrate Judge Stewart correctly determined that Plaintiff's failure to exhaust was not excused. *See* Dkt. No. 133 at 17-19. The Supreme Court has held that, although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (discussing how an administrative remedy may be unavailable when (1) "it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use," or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Here, the record does not contain anything to show that the administrative remedies were unavailable to Plaintiff. In fact, Plaintiff does not raise such an argument in his Objections to the Report-Recommendation and Order. *See* Dkt. No. 137 at 2-6 (claiming that he exhausted the administrative remedies). As Magistrate Judge Stewart noted, Plaintiff is very familiar with the PLRA's administrative grievance process since he has successfully navigated it in the past. *See* Dkt. No. 133 at 18. Therefore, the Court agrees with Magistrate Judge Stewart's conclusion that the excessive force claims, the due process claim, and the conditions of confinement claim should be dismissed for failure to exhaust.

### 3. *Medical Indifference*

Magistrate Judge Stewart also properly assessed Plaintiff's Eighth Amendment claim that Dr. Kumar was deliberately indifferent to Plaintiff's needs by failing to provide appropriate medical care. In order to have a valid claim under the Eighth Amendment for cruel and unusual punishment arising out of a claim for medical indifference, a plaintiff must show "that his medical condition is objectively a serious one" and that "the defendant acted with deliberate indifference

to [the plaintiff's] medical needs." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citations omitted).

As Magistrate Judge Stewart pointed out, Magistrate Judge Thérèse Wiley Dancks previously considered Dr. Kumar's medical treatment of Plaintiff for thyroid cancer and herpes in another case, and concluded that Plaintiff failed to state a claim for medical indifference. *See Reeder v. Robinson*, No. 9:16-CV-1129, 2018 WL 3121633, *8-10 (N.D.N.Y. Jan. 24, 2018), *report and recommendation adopted sub nom.* 2018 WL 1468655 (N.D.N.Y. Mar. 26, 2018). Chief Judge Glenn T. Suddaby adopted Magistrate Judge Dancks' recommendation in full and dismissed the claim with prejudice on March 26, 2018. *See Reeder v. Young*, No. 9:16-CV-1129, 2018 WL 1468655, *1 (N.D.N.Y. Mar. 26, 2018). It is well settled that "[d]ismissal with prejudice as a result of a successful motion to dismiss is usually considered a final adjudication on the merits." *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 322 (S.D.N.Y. 2015) (citation omitted). Thus, the Court agrees with Magistrate Judge Stewart that the doctrines of *res judicata* and collateral estoppel prevent Plaintiff from relitigating his medical indifference claim. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (holding that the doctrine of *res judicata* applies if a defendant can show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action"); *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997) (holding that the doctrine of collateral estoppel applies if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits") (internal quotations omitted).

Further, the Court agrees with Magistrate Judge Stewart that Defendants have not waived the issue of collateral estoppel or *res judicata* even though they did not raise it as an affirmative defense in their Answer. *See* Dkt. No. 133 at 23; *see also Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (holding that "[t]he failure of a defendant to raise *res judicata* in answer does not deprive a court of the power to dismiss a claim on that ground"). Regardless, even if those doctrines have been waived, the Court agrees with Magistrate Judge Stewart that there is no admissible evidence in the record that Plaintiff suffers from an objectively serious medical issue and that Dr. Kumar acted "with deliberate indifference to [Plaintiff's] medical needs." *See Brock*, 315 F.3d at 162.

### *4. Denial of Recreation*

Finally, Plaintiff argues that Defendants Locke, Fletcher, Smith, Satamore, and Rodier denied him recreation time on twenty-four different occasions between the years 2015 and 2016. *See* Dkt. No. 133 at 24-26. As Magistrate Judge Stewart notes, each Defendant has submitted a sworn declaration denying these allegations, and Plaintiff failed to respond to Defendants' Statement of Material Facts or oppose Defendants' assertions that they did not deny Plaintiff recreation time. *See id.* at 26. Local Rule 7.1 provides that "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. L.R. 7.1(a)(3). Since Plaintiff did not respond to Defendant's Statement of Material Facts, Magistrate Judge Stewart correctly found that those properly supported facts were undisputed by Plaintiff. *See* Dkt. No. 133 at 26. Thus, the Court agrees with Magistrate Judge Stewart that the record does not show that Defendants were personally involved with any alleged denial of recreation. *See id.*

### III. CONCLUSION

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Stewart correctly concluded that summary judgment should be granted in Defendants' favor. As such, the Court hereby,

**ORDERS** that the September 10, 2019 Report-Recommendation and Order (Dkt. No. 133) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' Motion for Summary Judgment (Dkt. No. 124) is **GRANTED**; and the Court further

**ORDERS** that the Amended Complaint (Dkt. No. 65) is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 26, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge